UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERICK R. HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-03181-LJM-MJD |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendant. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Frederick Holmes filed a civil rights action alleging that his constitutional rights will be violated when he is released from the New Castle Correctional Facility on January 5, 2021, and is required by Indiana law to register on the Indiana Sex Offender Registry with a designation he is a sexually violent predator. Ind. Code § 35-38-1-7.5.

**II.**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

In the complaint, the plaintiff acknowledges that he will have to register on the Indiana Sex Offender Registry. However, he alleges his designation as a sexually violent predator under Indiana law is unconstitutional because the law was passed in 2007, yet he was convicted by a jury on March 3, 1999, and therefore should not be subject to the requirements of a 2007 law. This is a claim that the plaintiff's rights under the *Ex Post Facto* clause will be violated. The plaintiff also alleges that the Indiana Department of Correction's ("IDOC") requirement that he participate in the SOMM program while incarcerated violates his rights under the Constitution.

### IV.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

A corollary to this rule is that without a predicate constitutional violation one cannot make out a prima facie case under § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

In this case, the complaint makes reference to constitutional provisions but does not allege a plausible violation of them.

The plaintiff's claim under the *Ex Post Facto* Clause of the United States Constitution fails to state a claim. The United States Constitution "prohibits both federal and state governments from enacting any '*ex post facto* Law.'" *Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013) (citing Art. I, § 9, cl. 3; Art. I, § 10). "The [Supreme] Court has emphasized [that a] . . . civil regulatory regime will implicate *ex post facto* concerns only if it can be fairly characterized as punishment." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011) (citations and quotation marks omitted). Simply put, "[t]o violate the Ex Post Facto Clause . . . a law must be both retrospective *and* penal." *Id.*

The plaintiff's allegations regarding Indiana's Sexually Violent Predator regime do not show that the changes created by the law are penal. "[W]hether a comprehensive registration regime targeting only sex offenders is penal . . . is not an open question," given that the Supreme Court in *Smith v. Doe*, 538 U.S. 84 (2003), held that "an Alaska sex offender registration and notification statute posed no *ex post facto* violation because it was a civil, rather than penal, statute." *Leach*, 639 F.3d at 773. Moreover, the Seventh Circuit has held that the federal registration statute, the Sex Offender Registration and Notification Act, "is not an *ex post facto* law." *Id.* Accordingly, the plaintiff's claims based on the Ex Post Facto Clause of the United States Constitution are **dismissed**.

**V.**

The plaintiff also challenges the requirements of Indiana Sex Offender Management Monitoring Program. To the extent that any prison proceeding pursuant to this program resulted in the deprivation of earned good time, his claims must be dismissed. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). A court cannot on its own convert a §1983 suit to one under § 2254; the two kinds of actions have different conditions, different defendants (or respondents), and different consequences on either success or an adverse outcome. See, e.g., *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996).

**VI. Supplemental Jurisdiction over State Law Claims**

The plaintiff argues that the Indiana Sex Offender Registration Act ("Act"), Ind. Code §§ 11–8–8–1 to 11–8–8–22 and the statutory definition of Sexual Violent Predator under Ind. Code §§ 5–2–12–4.5, 35–38–1–7.5, violate the *ex post facto* clause of the Indiana Constitution. *See Wallace v. State*, 905 N.E.2d 371, 373 (Ind. 2009) (discussing application of ex post facto clause as applied to individual defendants); *Jensen v. State*, 905 N.E.2d 384 (Ind. 2009) (same); *Lemmon v. Harris*, 949 N.E.2d 803, 813 (Ind. 2011) (same); *Tyson v. State,* 51 N.E.3d 88 (Ind. 2016)(same).

Because the federal claims purported alleged in the complaint fails to state a claim upon which relief may be granted, the plaintiff may not rely on the court's supplemental jurisdiction to entertain his state-law claims. See 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-

37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754,757-58 (7th Cir. 2006). Accordingly, the state law claims are subject to dismissal for lack of jurisdiction.

## VII.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through February 1, 2017,** in which to show cause why Judgment consistent with this Entry should not issue or to identify a viable claim which was not considered by the Court in this Entry. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: _____1/4/2017_____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FREDERICK R. HOLMES
DOC # 935125
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362