# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERICK R. HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-03181-LJM-MJD |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendant. ) | |

**Entry Dismissing Case and Directing Entry of Final Judgment**

The Court screened the Complaint in this action and dismissed the plaintiff's claims. The plaintiff was given an opportunity to show cause why this action should not be dismissed and has attempted to do so. For the reasons explained, the plaintiff has failed to show that this case should not be dismissed.

The plaintiff's response to the Court's show cause order focuses on his claims under the Ex Post Facto Clause and the Due Process Clause. As to the Ex Post Facto claim, the Court explained in its Screening Entry that the plaintiff's allegations regarding Indiana's Sexually Violent Predator regime do not show that the changes created by the law are penal in nature, which is required to show an ex post facto violation. "[W]hether a comprehensive registration regime targeting only sex offenders is penal . . . is not an open question," given that the Supreme Court in *Smith v. Doe*, 538 U.S. 84 (2003), held that "an Alaska sex offender registration and notification statute posed no *ex post facto* violation because it was a civil, rather than penal, statute." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011). Moreover, the Seventh Circuit has held that the federal registration statute, the Sex Offender Registration and Notification Act, "is not an *ex post*

*facto* law." *Id.* The plaintiff's further discussion of Indiana's Sexually Violent Predator laws in his response fail to undermine this established law. Accordingly, his federal ex post facto claim was properly dismissed in the Court's Screening Entry.

As to Due Process claim, that plaintiff asserts that prior to May 9, 2007, Indiana Code § 35-38-1-7.5 required the Court to determine whether the criminal defendant is a Sexually Violent Predator after consulting with two board certified psychologists or psychiatrists who have expertise in criminal behavior disorders. He argues that the current rule does not provide this same protection and that he should not be considered a Sexually Violent Predator without examination by an expert in the field of mental abnormalities. He argues that anything less violates his due process rights. He is mistaken.

The version of Indiana Code § 35-38-1-7.5, effective through May 9, 2007, defined "sexually violent predator" as a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in certain offenses. The statute stated that a person who is at least eighteen years of age who committed one (or more) of the listed offenses is a sexually violent predator. At the sentencing hearing, the court was to determine whether the person is a sexually violent predator because he committed a relevant offense. If the court did not find the person to be a sexually violent predator based on the offense committed, the court was required to consult with a board of experts consisting of two board certified psychologists or psychiatrists who have expertise in criminal behavioral disorders to determine if the person is a sexually violent predator under the statute.

The current version of Indiana Code § 35-38-1-7.5 provides in relevant part that unless certain exceptions are met, a person released from incarceration, secure detention, probation, or parole for the offense after June 30, 1994, is a sexually violent predator by operation of law if: 1)

the offense committed by a person at least 18 years of age is one of the listed sex offenses, or 2) if the person commits a sex offense (as defined in Indiana Code § 11-8-8-5.2) while having a previous unrelated conviction for a sex offense for which the person is required to register as a sex or violent offender under Indiana Code § 11-8-8.

Neither version of Indiana Code § 35-38-1-7.5 creates an entitlement to an examination by an expert in the field of mental abnormalities before being labeled a Sexually Violent Predator when one of the enumerated offenses is committed. The earlier version of the statute created another pathway for the court to impose the Sexually Violent Predator label. There is no plausible basis to conclude that the plaintiff has suffered any harm from the change in this law or that he was not given all of the process to which he was entitled before being labeled a Sexually Violent Predator.

In sum, this action must be dismissed pursuant to 28 U.S.C. § 1915 for the reasons set forth in the Court's Screening Entry. Final Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/15/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FREDERICK R. HOLMES
935125
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362